# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | |
| Plaintiff, | |
| v. | Case No. 1:12-cv-00306-RWR |
| HILDA L. SOLIS, | Judge Roberts |
| Defendant, | |
| and | |
| MICHAEL L. MERCIER and BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN A DIVISION OF THE RAIL CONFERENCE OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | |
| Applicants for Intervention. | |

## JOINDER OF MICHAEL L. MERCIER AND BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN IN DEFENDANT'S MOTION TO DISMISS

Defendant Secretary of Labor has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the grounds that the Court lacks subject matter jurisdiction over the Complaint and the Complaint fails to state a claim upon which relief may be granted. Intervenor-Defendants Michael L. Mercier ("Mercier") and Brotherhood of Locomotive Engineers and Trainmen, a Division of the Rail Conference of the International Brotherhood of Teamsters, ("BLET")[1] join in and urge the Court to grant the Defendant's motion.

---

[1] Mercier is the Complainant against Union Pacific Railroad Company in ARB Case No. 09-121, the decision which plaintiff Norfolk Southern Railway Company seeks to have set aside in this proceeding. BLET is a national labor organization and a duly authorized representative pursuant to Section 1, Sixth of the Railway Labor Act, 45 U.S.C. § 151, Sixth, for persons in the employ of the Plaintiff NSR, as well as in the employ of Union Pacific Railroad Company ("UP") and all of the nation's other Class I rail carriers, plus numerous regional rail carriers, as locomotive engineers and trainmen, including Mercier. All of BLET's members work under conditions prescribed by the Federal Railroad Safety Act, 49 U.S.C. §20109 ("FRSA"). BLET has a substantial interest in protecting the statutory rights of all of its members to seek relief

(continued...)

In this litigation, Plaintiff Norfolk Southern Railway Company ("NSR") challenges the September 29, 2011 Order of the Department of Labor's ("DOL") Administrative Review Board ("ARB") in the consolidated ARB Cases 09-121 and 09-101. NS complains that the ARB's ruling exceeded the Secretary's jurisdiction. But, as the Secretary points out, the ARB's ruling did not resolve the Complaints that were before it in the two disputes presented, it only decided one issue and the final decisions on those complaints has yet to be delivered.

The two cases that were addressed in the ARB's decision involved a conductor employed by NSR (Larry Koger) and Mercier, a locomotive engineer employed by Union Pacific Railroad ("UP") both of whom were discharged by their employers for reasons that they maintained violated both the FRSA and the collective bargaining agreements with the labor unions that respectively represent them. NSR conductor Koger grieved and arbitrated the merits of his claim that his discharge violated the collective bargaining agreement between NSR and the United Transportation Union. UP locomotive engineer Mercier, grieved and arbitrated the merits of his claim that his discharge violated the collective bargaining agreement between BLET and UP. Both employees also filed complaints with the Occupational Safety and Health Administration ("OSHA") that their discharges violated the FRSA. NSR says that because the arbitrations of the collective bargaining agreement violation claims were governed by Section 3 of the Railway Labor Act ("RLA") (45 U.S.C. §153), the FRSA complaints were barred.

The ARB rejected NSR's position and ruled that an employee of a "rail carrier" within the meaning of the RLA (45 U.S.C. §151, First) who was terminated by his employer did not waive any rights or remedies under the Federal Railroad Safety Act ("FRSA") (49 U.S.C. §20109) to challenge the employer's action because the employee also had grieved and arbitrated whether the termination violated the collective bargaining agreement ("CBA") between the

---

[1](...continued)
under the FRSA. Furthermore, it has a substantial interest in ensuring that arbitrations over adverse employment actions pursuant to its collective bargaining agreements with rail carrier employers do not waive its members' statutory rights to file complaints with the Occupational Safety and Health Administration ("OSHA") that their discharges violated the FRSA.

employee's union and his employer. The ARB then sent both cases back to an administrative law judge "for further proceedings consistent with" its decision.

The ARB's decision is not a final decision subject to federal court review. There has been no disposition of the employees' complaints on the merits. Until such time as that disposition happens, this Court lacks jurisdiction to entertain NSR's challenge. Furthermore, even if the Court were to entertain the Carrier's complaint, as a matter of law the ARB's decision must be upheld for the reason the Secretary has presented to the Court in her supporting Memorandum.

Mercier and BLET will not here burden the Court with a recitation of the same authorities upon which the Secretary relies. We believe they are strong and convincing and that there is little basis upon which NSR can overcome them. Consequently, we will reserve our comments until NSR opposes the Secretary's Motion.

Respectfully submitted,

/s/ Michael S. Wolly
Michael S. Wolly (DC Bar #225482)
Jordan M. Kaplan (DC Bar # 997445)
Zwerdling, Paul, Kahn & Wolly, P.C.
1025 Connecticut Avenue, NW
Suite 712
Washington, D.C. 20036-5405
Telephone: 202-857-5000
Fax: 202-223-8417
Email: mwolly@zwerdling.com,
jkaplan@zwerdling.com

Attorneys for Intervenors BLET and Mercier

Richard A. Williams, Jr.
(Pro hac vice application pending)
R.A. WILLIAMS LAW FIRM P.A.
2400 County Road D West Suite 110
Saint Paul, MN 55112
Telephone: (651) 848-0280
Fax: (651) 848-0282
Email: rwilliams@williamslawmn.com

Attorney for Intervenor Mercier

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of May 2012, I filed the foregoing Joinder in Motion to Dismiss using the Court's ECF system which will send a copy to all counsel of record

<u>/s/ Michael S. Wolly</u>