IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>HILDA L. SOLIS, Secretary of Labor,<br><br>    Defendant,<br><br>and<br><br>UNITED TRANSPORTATION UNION,<br><br>    Applicant for Intervention. | Case No.: 1:12-cv-00306 RWR |

**UNITED TRANSPORTATION UNION'S JOINDER
IN DEFENDANT'S MOTION TO DISMISS**

Defendant Secretary of Labor has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the grounds that the Court lacks subject matter jurisdiction over the Complaint and that the Complaint fails to state a claim upon which relief may be granted. Intervenor-Defendant United Transportation Union ("UTU") hereby joins such request for dismissal and urges the Court to grant the Defendant's motion.[1]

Plaintiff Norfolk Southern Railway ("NSR") challenges the September 20, 2011 Order of the Department of Labor's ("DOL") Administrative Review Board ("ARB") in the consolidated ARB Cases 09-121 and 09-101, complaining that the ARB's ruling exceeded the Secretary's jurisdiction (Complaint ¶ 61). The ARB's decision addressed two cases of employees who

---

[1] In an effort to conserve judicial resources, UTU will not burden the Court with a recitation of the same authorities upon which the Secretary relies, and will reserve its comments for a Reply brief following the plaintiff's Response to the Secretary's Motion.

claimed they were discharged by their carriers in violation of both the FRSA and the respective collective-bargaining agreements with the labor unions that represent their employees. On behalf of NSR conductor Koger, UTU grieved the discharge in the manner set forth in the parties' collective-bargaining agreement, up through and including arbitration. On behalf of UP locomotive engineer Mercier, BLET grieved the discharge in accordance with the parties' collective-bargaining agreement, up through and including arbitration. Both Koger and Mercier also filed complaints with the Occupational Safety and Health Administration ("OSHA"), asserting their discharges were in violation of the FRSA, 49 U.S.C. § 20109.

NSR asserts here that because the arbitrations of the collective-bargaining agreement violation claims were conducted in accordance with Section 3 of the Railway Labor Act ("RLA"), 45 U.S.C. § 153, the FRSA complaints are barred. NSR first made this argument to the ARB, and the ARB rejected its position ruling an employee of a "rail carrier" within the meaning of the RLA, 45 U.S.C. § 151 First, who was terminated by his employer did not waive any rights or remedies under the FRSA, 49 U.S.C. § 20109, to challenge the employer's action because the employee also had grieved and arbitrated whether the termination violated the collective-bargaining agreement ("CBA") between the employee's union and his employer. The ARB then sent both cases back to an administrative law judge "for further proceedings consistent with" its decision (Complaint, Ex. 1 at 9).

As the Secretary points out in her Motion to Dismiss, jurisdiction of the district courts over § 20109 cases is expressly limited to two narrow situations by statute (49 U.S.C. § 20109(d)(3); 49 U.S.C. § 20109(d)(2)(A)(iii)), neither of which are present here, and final orders of the Secretary are subject to judicial review only in the Courts of Appeals. 49 U.S.C. § 20109(d)(4); 29 C.F.R. § 1982.112(a), (b) (2010). The ARB's decision is not a final decision

subject to federal court review, as there has been no disposition of the employees' complaints on the merits. Until such time as that disposition happens, this Court lacks jurisdiction to entertain NSR's challenge.

Acknowledging that this Court lacks jurisdiction over the instant action, NSR attempts to assert jurisdiction under *Leedom v. Kyne*, 358 U.S. 184, 188 (1958). However, as discussed in the Secretary's Motion, such jurisdiction is extraordinarily narrow and, in any event, NSR has not met the standards for such review. Furthermore, even if the Court were to entertain the Carrier's complaint, the ARB's decision must be upheld as a matter of law for the reasons presented by the Secretary in its supporting Memorandum.

## CONCLUSION

For the reasons set forth above, Intervenor-Defendant UTU joins the Secretary in her Motion to Dismiss and respectfully submits that the Motion be granted.

Respectfully submitted,

/s/ Steven K. Hoffman

Of Counsel:
Kevin C. Brodar
General Counsel
United Transportation Union
24950 Country Club Blvd., Suite 340
North Olmsted, OH 44070
Tel: (216) 228-9400
Fax: (216) 228-0937
k_brodar@utu.org

Steven K. Hoffman
D.C. Bar No. 384696
James & Hoffman, P.C.
1130 Connecticut Avenue, NW
Suite 950
Washington, D.C. 20036
Tel:  (202) 496-0500
Fax:  (202) 496-0555
skhoffman@jamhoff.com

Attorneys for Proposed Intervenors United Transportation Union

Dated: June 1, 2012